IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN CARTER, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 16-cv-06376 |
| v. | ) | |
| | ) | District Court Judge John Z. Lee |
| MONARCH RECOVERY | ) | |
| MANAGEMENT, INC. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR FED. R. CIV. P. 11 SANCTIONS

Defendant served Plaintiff's Counsel a copy of the 'Motion for Sanctions' on August 22, 2017. This was after the Defendant had filed their motion for summary judgment and Plaintiff filed their cross-motion for summary judgment. Defendant's Reply and Plaintiff's Response were filed on August 22, 2017 as well. Defendant filed a 'Motion for Sanctions Pursuant to Fed. R. Civ. P. 11' (Doc.# 60, "Motion") on March 30, 2018 – 10 days after this Court ruled in their favor on cross-motions for summary judgment.

Defendant's Motion asks this court to impose monetary sanctions on Plaintiff Steven Carter and his attorneys in the form of attorney's fees and costs Monarch incurred in defending against the lawsuit and in bringing their Motion for Sanctions. Defendant cite to no authority or material facts to support their arguments and the claims in their Motion are irrelevant and themselves foreclosed by the substance of this Court's order.

Defendant makes three arguments in support of the award of sanctions under Rule 11: (1) Plaintiff's claims are not supported by existing law; (2) Plaintiff's Counsel "is proceeding [sic]

1

with a claim not supported by the facts"; (3) Plaintiff continued litigating in "bad faith". (Motion, pp. 4-5). None of these claims have merit, and the Court should deny this Motion.

### I. Plaintiff's Claims are Supported by Existing Law

Under Rule 11, the district court may impose sanctions if a lawsuit is "not well grounded in fact and is not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." *Cuna Mut. Ins. Soc. v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006)(internal quotation marks omitted) If counsel files pleadings that are not reasonably based in law or in fact, or that are designed to harass, then "the court upon motion or upon its own initiative, shall impose… an appropriate sanction." *Brown v. Federation of U.S.*, 830 F.2d 1429, 1433 (7th Cir. 1987) (quoting Rule 11). The relevant inquiry is whether the pleader presented an objectively reasonable argument in support of her view of what the law is or should be. *National Wrecking Co. v. International Brotherhood of Teamsters*, 990 F.2d 957 (7th Cir. 1993) (reversing sanctions imposed in the arbitrator's award because the claims, although losers, did not rise to the level of groundlessness required for Rule 11 sanctions). This circuit has consistently emphasized that Rule 11 is not to be used as a fee-shifting statute – simply because a claim is lost, does not mean the claim was ungrounded. *See, Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993)*; Mars Steel Corp. v. Cont'l Bank N.A.,* 880 F.2d 928, 932 (7th Cir. 1989) Lastly, monetary sanctions cannot be imposed against a represented party (i.e. Steven Carter) for violations of Rule 11(b)(2) ('warranted by existing law'). Fed. R. Civ. P. 11(c)(5)(A).

Defendant argues that "Plaintiff's claim here is not warranted by existing law and in fact directly contrary to it." (Doc.#60, p. 5) However, they fail to cite to any case law that supports

this argument. Plaintiff vigorously maintains that there is nothing groundless about the claims at all – and that Defendant has failed to make even this threshold showing.

Firstly, they claim that because they used the Seventh Circuit's *Miller* 'safe-harbor' language, Plaintiff's 'claim' is "irreconcilable." (Doc.# 60 p. 6); *see, Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 876 (7th Cir. 2000). Unfortunately, this is an incorrect statement of controlling Seventh Circuit precedent as the 'safe-harbor' language only protects debt collectors if it is accurate. *Id; see, also*, *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018)(safe-harbor language must be accurate). Plaintiff's central argument is that the language was not accurate – specifically, that Plaintiff's account balance was not varying, and would not vary in the future.

Defendant also argues that *Wilder v. J.C. Christensen & Assocs., Inc.,* No. 16-CV-1979, 2016 WL 7104283 (N.D. Ill. Dec. 6, 2016) "rejected the same 15 U.S.C. §§ 1692e claims brought here." (Motion, p.6). However, they incorrectly claim that "Judge Dow…concluded that Plaintiff's claims were 'foreclosed' by those two cases [*Miller* and *Taylor*], as 'a debt collector who uses safe harbor-equivalent language does not misrepresent the amount of debt owed by indicating that interest may [sic] applied.'" This was fully briefed by both parties in the cross-motions for summary judgment, so without re-litigating the matter, it bears repeating that this is inaccurate: (1) it is clear from the opinion that Judge Dow was specifically referring to the plaintiff's Illinois Collection Agency Act claim (misrepresentation of amount of debt), rather than the § 1692e claim; and (2) Judge Dow did not "conclude" with that holding as Defendant claims – quite the opposite. Instead he continued, "[b]ut that does not resolve the case." *Id*. at *4. Judge Dow actually concludes by pointing out that the *Miller* safe-harbor language could still

3

violate § 1692e if it is "latently false" – this is the exact argument that Plaintiff made here. *Id*. *Wilder*, then, shows exactly why Plaintiff's claim was supported by existing law.

Defendant's Motion for sanctions claims that "Plaintiff's case is not supported by existing law." (Motion, p. 4) Yet, Defendant is unable to find even a single *district* court case that supports this argument, much less controlling precedent. Finally, there is no indication in the Court's Opinion that the Court found the claims frivolous or foreclosed by law – in fact, the Court does not cite once to any of Defendant's case law.

**II. Plaintiff's Claims are Grounded in Fact**

Defendant next argues that "Plaintiff's Counsel is proceeding with a claim not supported by the facts." (Motion p. 4). However, the basis of Plaintiff's claims are the deceptive and misleading letter that Monarch sent – the content, sending, and receipt of the letter are undisputed facts. A complaint based upon a reasonable inquiry should not be found to be factually frivolous unless some clear authority or a litigant's own clear admission erases the factual underpinning from some essential element of the litigant's pleading. *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987).

This argument is easily dismissed because it relies entirely on the Defendant's purported 'terms and conditions.' The Order found this 'evidence' to be inauthentic *and* inadmissible hearsay. (Order p. 7; n. 4). Even assuming, *arguendo*, that the 'terms and conditions' were authentic and admissible, Plaintiff's theory and claims do not rely exclusively or mainly on whether Citibank legally could charge interest per the original agreement.

Moreover, presenting a plaintiff with contradicting evidence does not refute the fact that a plaintiff conducted a reasonable investigation. *See Infante v. Portfolio Recovery Assoc., LLC*, 2017 WL 2445133 (N.D. Ill. June 6, 2017). In *Infante v. Portfolio Recovery Associates*, the

4

plaintiff disputed an alleged debt but the defendant debt collector's tradeline on her Experian credit report did not reflect this, in violation of the FDCPA. Defendant subsequently produced a contradicting TransUnion credit report that showed the plaintiff's debt was marked as disputed. Both the magistrate judge and the district court judge agreed that "given this contradictory evidence, [sic] plaintiff and her counsel were not required to blindly accept defendant's version of the facts." *Infante*, 2017 WL 2445133 at 4. The court held that "based on the divergence of information that the parties possessed, plaintiff was entitled to investigate the veracity of the relevant facts through the discovery process without running afoul of Rule 11." *Id.*

Defendant also claims that the "terms and conditions associated with Plaintiff's Citibank account that is the subject of this lawsuit <u>completely foreclose</u> Plaintiff's claims that Citibank could not charge Plaintiff interest." (Motion p. 8)(underline added) This argument is itself foreclosed by the Court's ruling that the Defendant had not produced an authentic copy of the 'terms and conditions' and that what they did produce was inadmissible hearsay. (Order, p. 7 n.4).

Defendant claims that "Plaintiff's Counsel should have reviewed the terms and conditions prior to filing a federal lawsuit <u>alleging that Citibank did not have certain rights that would be laid out in an agreement.</u>" (Motion, p.8) Yet, Defendant conspicuously fails to cite to any allegation to that effect. Presumably, they are referring to the ¶ 15 of the Complaint: "Citibank has waived any rights to collect interest on the alleged debt." (Doc.#1, ¶15). On its face, the allegation assumes that Citibank had some right at some point – waiver of those rights is a separate question, one that Defendant does not argue was unfounded. Plaintiff did not have a copy of his original 'terms and conditions' and the fact that he assumed that Citibank could have charged interest or other charges at some point *does not* negate the claim that Citibank, for

5

myriad reasons, may no longer have that right. Moreover, the fact that Citibank at one point in time had the right to charge interest or other fees does not imply that Monarch would ever have such authority.

### III. Plaintiff's Litigation was not Brought to Harass Monarch

Last, Defendant argues that "Plaintiff's amazing testimony, his Counsel's presentation of a case contrary to existing law, the complete lack of evidentiary support for the factual contentions made, and Plaintiff's rejection of an Offer of Judgment…leaves no other conclusion than that Plaintiff's Counsel is using Plaintiff to prosecute a lawsuit to harass Monarch." (Motion, p. 9). Defendant does not explain under what part of Rule 11 he believes sanctions are warranted. Assuming they wish to argue that a representation to the court was presented for an "improper purpose, such as to harass…", they have failed to support this contention. Fed. R. Civ. P. 11(b)(1). Because the case is well-grounded in existing law and is well-support by facts and evidence, Defendant's entire argument here turns on their characterization of the testimony given by Plaintiff at his deposition, and Plaintiff's "rejection of an Offer of Judgment". *Id.*

Firstly, the unsophisticated consumer standard is an objective one, meaning that any argument that Plaintiff himself was not misled by the letter is irrelevant and falls flat on its face. *See, Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 635 (7th Cir. 2012).

Secondly, Defendant argues that Plaintiff "testified that his own allegation that Citibank ceased charging interest and late fees to him was incorrect…This testimony is irreconcilable with the claims that Plaintiff's Counsel conjured up." (Motion p. 9) This claim does not accurately or fairly characterize the deposition testimony or the allegation itself. The Plaintiff in the deposition testimony only said that Citibank was still adding interest after March 2015, contrary to the allegation in Paragraph 13 of the Amended Complaint. Defendant however fails to show or even

6

argue why this single and *immaterial* contradiction shows anything other than conflicting facts or at worst a contention abandoned after further investigation and clarification – exactly what Rule 11 requires. In fact, Plaintiff does not even mention the March 15 date in any subsequent briefing or statement of facts. Instead, Plaintiff relied on the undisputed fact that Citibank did stop charging interest or other fees to Plaintiff's account following charge-off in October 2015 – a fact borne out by the Plaintiff's Credit Report.

Even more fundamentally, this is also an irrelevant point. Defendant fails to cite to any authority or part of the record in support of their claim that this 'amazing testimony' warrants sanctions: it simply does not undermine any factual contentions or legal theories. This fatal flaw also dooms their argument that "Plaintiff, apparently knowing better than his own counsel, rounded out his testimony by saying that if he could have done this lawsuit all over again, he would have consulted the terms and conditions before filing this lawsuit." (Motion, p. 9). It is unclear exactly what this testimony is meant to show or even what it has to do with the instant Motion.

Lastly, Defendant off-handedly adds a reference to their rejected "Offer of Judgment." (Motion, p. 9) Apparently, the rejection is meant to serve as evidence of an 'improper purpose' – however, contrary to what they imply, their offer did not satisfy the Plaintiff's demand: Plaintiff had also plead actual damages, and Defendant's offer of $1,001 was a dollar more than the statutory damages available. Their claim that "Monarch's offer provides Plaintiff with **more** than what he entitled to recover" is incorrect, and based only on their unsupported contention that believe Plaintiff would be unable to convince a jury of his injuries or money damages. (Motion, p. 3). Without an offer that would have satisfied the Plaintiff's demand, he was thus entitled to

proceed with the case as he saw fit. *See, Smith v. Greystone All., LLC,* 772 F.3d 448, 451 (7th Cir. 2014).

### IV. Conclusion

Defendant has failed to show: that the Plaintiff's claims were not warranted by existing law; that Plaintiff's factual contentions did not have evidentiary support; or that Plaintiff made any representations for an improper purpose. Plaintiff respectfully request that their Motion for Sanctions be denied.

Respectfully Submitted,

/s/*Celetha C. Chatman*
Celetha Chatman


Celetha Chatman
Attorney at Law
Community Lawyers Group, Ltd.
73 W. Monroe, Suite 502
Chicago, IL 60603
Ph: 312.757.1880
fax: 312.476.1383
cchatman@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

I, Celetha Chatman, an attorney, hereby certify that on April 25, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: April 25, 2018**                                              Respectfully submitted,

                                                                    By:  /s/ *Celetha Chatman*