IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN CARTER, | ) |
| Plaintiff, | ) |
| | ) 16 C 6376 |
| v. | ) |
| | ) Judge John Z. Lee |
| MONARCH RECOVERY MANAGEMENT, INC., | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven Carter sued Defendant Monarch Recovery Management, Inc. ("Monarch"), alleging that Monarch sent him a debt-collection letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*, and the Illinois Collection Agency Act ("ICAA"), 225 Ill. Comp. Stat. § 425/9(a).[1] The parties filed cross-motions for summary judgment, and the Court granted Monarch's motion. Carter now seeks relief under Federal Rule of Civil Procedure 59(e). For the following reasons, Carter's motion [64] is denied.

**Background**

As explained in greater detail in the Court's summary-judgment opinion, the basis for this lawsuit is a debt-collection letter Carter received from Monarch in May 2016. Mem. Op. & Order at 2, ECF No. 58. Earlier that year, Carter had defaulted on a credit-card debt to Citibank, and Citibank placed the account with Monarch for collection. *Id.* at 1–2. Monarch then sent Carter a letter seeking $16,743.33—the balance of the account—and informing Carter that the balance may subsequently increase due to interest, late fees, or other charges. *Id.* at 2. Monarch itself did not have authority to add charges to the account, but Citibank could do so, in which case Monarch

---

[1] Carter's Rule 59(e) motion does not address the ICAA claim.

would pass on the additional fees to the consumer. *Id.* Here, no additional charges were added to Carter's account. *Id.*

In ruling on the parties' cross-motions for summary judgment, the Court concluded that Carter had failed to present evidence that the statement in Monarch's letter was a legal impossibility or an action it intended not to take, and that Carter had failed to identify any evidence from which a reasonable jury could conclude that the statement was false, misleading, or deceptive. *Id.* at 4–7. As such, the Court entered summary judgment in favor of Monarch. *Id.* at 9.

## Legal Standard

Rule 59(e) permits parties to file a motion to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions serve the limited function of allowing courts to correct manifest errors of law or fact or to consider newly-discovered evidence. *See Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 505 (7th Cir. 2011); *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also Resnick*, 594 F.3d at 568 (noting that an appellate court reviews a denial of a Rule 59(e) motion for abuse of discretion). Relief under Rule 59(e) is an "extraordinary" remedy "reserved for the exceptional case." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

## Analysis

Carter makes several arguments as to why relief under Rule 59(e) is warranted; however, each of the points he raises was considered and rejected by the Court on summary judgment.

Carter first argues that the Court misapprehended his argument "that Monarch . . . did not intend to add additional charges" because Monarch "<u>only intended</u> to do what Citibank" instructed. Pl.'s Rule 59(e) Mot. at 3, ECF No. 64 (emphasis in original). But the Court considered this

argument in its opinion and concluded that "the evidence show[ed] that it was Citibank who controlled whether additional charges were to be placed on the account, and Monarch simply followed suit." Mem. Op. & Order at 7. In other words, Monarch's intent was to do as Citibank instructed, which would have included adding charges to Carter's account, had Citibank directed it to do so. Carter has not identified any controlling precedent that the Court disregarded, misapplied, or failed to recognize, and mere rejection of an argument does not demonstrate manifest error. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party.").

Further, Carter argues that the Court "misstated" the facts, Pl.'s Rule 59(e) Mot. at 5, when it said that "the only evidence that Carter cite[d] in support [of his claim] [was] the fact that, at the end of the day, Monarch did not add any more interest or fees to the original balance." Mem. Op. & Order at 6. Carter instead notes that "Citibank had not add[ed] interest or fees to the balance in the seven months between being charged-off and placed with Monarch [and] [f]urther, once placed with Monarch for collection, Citibank did not add additional interest or fees." Pl.'s Rule 59(e) Mot. at 5. Based on these facts, Carter contends, the Court should have drawn the inference that "Carter's account balance would *never* have increased." *Id.* (emphasis in original).

While Carter is entitled to *reasonable* inferences in his favor, the inference that he would have the Court make is not a reasonable one. As the Court previously stated, the fact that no new charges were added to Carter's account, in and of itself, does not compel the conclusion that Monarch knew, at the time it sent the letter, that it would not add any new charges under any circumstances—for instance, if Citibank directed it to do so. *See* Mem. Op. & Order at 6. And Carter did not present any facts to support such an inference, as it was his burden to do.

For the same reasons, Carter's argument that a genuine issue of material fact remains as to

3

whether his account balance would have increased is unpersuasive. Carter contends that the Court erred in "weighing conflicting evidence," but fails to identify any such evidence. Pl.'s Rule 59(e) Mot. at 7. That is because, rather than weighing conflicting evidence, the Court based its ruling on the undisputed facts. Mem. Op. & Order at 6.

Finally, Carter states that the Court failed to rule on his broader § 1692e claim or properly analyze it under the "unsophisticated consumer" standard. This is incorrect. The Court discussed this claim in the summary-judgment opinion,[2] described the "unsophisticated consumer" standard, and concluded that "Carter [had] point[ed] to no evidence that Monarch's ability to adjust the balance . . . was a legal impossibility." *Id.* at 6. The Court then went on to discuss the question of Monarch's intent to add additional charges to the account balance. *See id.* at 6–7. The Court ultimately determined that Carter had "failed to point to any evidence from which a reasonable jury could conclude that the statement in the letter was false, misleading, or deceptive" in a way that violated § 1692e. *Id.* at 7. That is because the evidence in the record showed that Monarch *could* have increased the account balance—and *would* have done so—if so instructed by Citibank. To the extent that Carter argues that the § 1692e claim was wrongly decided because the Court should have drawn the inference that the account balance would never have increased, as discussed above, that is an unreasonable inference based on the evidence before the Court.

In short, Carter has not identified any manifest error of law or fact, or newly-discovered evidence, that would warrant relief under Rule 59(e).

---

[2] *See* Mem Op. & Order at 4 ("Under 15 U.S.C. § 1692e, debt collectors may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 'It is deceptive or misleading to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass.'") (quoting *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)).

## **Conclusion**

For the reasons stated herein, Carter's motion to alter or amend the judgment [64] is denied.

**IT IS SO ORDERED.**                               **ENTERED 2/12/19**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**John Z. Lee
United States District Judge**